# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY JONES, ) | Case No.: 2:15-cv-09489 KS |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

Quincy Jones ("Plaintiff") filed a Complaint on December 8, 2015, seeking review of his Supplemental Security Income ("SSI") application's denial. (Doc. 1 at 1.) On May 13, 2016, the parties filed a Joint Position Statement ("JPS"), in which Plaintiff asks this Court to reverse the final decision and remand his case for re-consideration. (JPS 25-26.) The Commissioner requests that this Court uphold its final determination. (*Id.* 26.) On January 13, 2016, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Docs. 11, 12, 13.) This Court has taken the matter under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff, who was born on May 8, 1973, filed an SSI application on May 24, 2012. (Administrative Record ("AR") 62.) Plaintiff alleges that he has been disabled since June 1, 2004. (*Id.*) Plaintiff attributes his disability to a slipped disc in his lower back, a floating bone in his left ankle, a dislocated right knee, migraines, insomnia, a broken neck, depression, staples in his neck, a hernia, and 17 stitches in his chest. (*Id.*) Plaintiff previously worked in a warehouse and as a caregiver, but has not worked since June 1, 2004. (*Id.* 143-44.) The Commissioner initially denied Plaintiff's claim on January 10, 2013. (*Id.* 77.) On February 12, 2013, Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"). (*Id.* 85.) ALJ Stuart Kaye held a hearing on December 9, 2013, during which Plaintiff, medical expert Dr. Haddon Alexander III, medical expert Dr. Julian Kivowitz, and Vocational Expert Susan Green ("the VE") testified.[1] (*Id.* 45-60.) On February 20, 2014, the ALJ denied Plaintiff's application for SSI. (*Id.* 19.) On October 6, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.* 1-6.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ used the five-step evaluation process in 20 CFR 416.920(a) to conclude that Plaintiff is not disabled under the Social Security Act. (AR 22.) At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since he filed his application. (*Id.* 24.) At step two, the ALJ determined that Plaintiff's left ankle tear, degenerative disc disease, C2 and C3 fractures, nasal fracture, ethanol abuse, and bipolar disorder are severe because they limit Plaintiff's ability to perform basic work activities. (*Id.*) At step three, the ALJ determined that Plaintiff's impairments do not equal the severity of impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925,

---

[1] ALJ Stuart Kaye conducted the hearing, but Alexander Weir signed the administrative decision. (AR 35.)

and 416.926). (*Id.* 25.) The ALJ found step four irrelevant because the ALJ determined that Plaintiff has no relevant work experience. (*Id.* 33.) Finally, at step five, the ALJ determined that Plaintiff can perform occupations that exist in significant numbers in the national economy, including representative-occupation Cashier II. (*Id.* 34.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

This Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision

"and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISCUSSION

Plaintiff alleges the following errors: (1) that the ALJ could not rely on the VE's testimony, and (2) that the ALJ improperly considered the record's medical evidence.

### I. The ALJ Failed to Resolve an Inconsistency in the VE's Testimony

Plaintiff alleges that the ALJ improperly accepted the VE's testimony because the testimony conflicts with the Dictionary of Occupational Titles ("DOT"), and because the VE did not reconcile the alleged conflict. (JPS 6.) The Commissioner contends that the VE's testimony did not conflict with the DOT and, even if a conflict did exist, the ALJ did not have a duty to reconcile the conflict. (*Id.* 7-13.)

#### A. Standard for ALJ Consideration of VE Testimony

If any possible conflict exists between the VE's testimony and the DOT, the ALJ must ask the VE for a reasonable explanation for the conflict. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). "At the hearings level . . . the adjudicator will inquire, on the record, as to whether or not there is such an inconsistency." SSR 00-4P (S.S.A.), 2000 WL 1898704.

4

### B. ALJ's Conclusions Based on VE's Testimony

At Plaintiff's hearing, the ALJ asked the VE to identify occupations for a hypothetical individual who can "perform simple, repetitive tasks." (AR 58-59.) The VE testified that the hypothetical individual can work as a Cashier II but identified no other occupations. (*Id.* 59.) When asked if her testimony was consistent with the DOT, the VE testified that it was. (*Id.*) The ALJ did not ask the VE any further questions. (*Id.*) The ALJ accepted the VE's testimony and determined that Plaintiff can work as a Cashier II. (*Id.* 25, 34.)

### C. Discussion

The ALJ had a duty to ask the VE for a reasonable explanation of the conflict between Plaintiff's limitation to "perform simple, repetitive tasks" and the VE's conclusion that Plaintiff can work as a Cashier II, which requires Level Three Reasoning. *Massachi*, 486 F.3d at 1152-53. *See Zavalin*, 778 F.3d at 844 (holding that a limitation to simple and repetitive tasks conflicts with Level Three Reasoning). *See also Etter v. Astrue*, No. CV 10-582-OP, 2010 WL 4314415 at *3 (C.D. Cal. October 22, 2010); *Pak v. Astrue*, No. EDCV 08-714-OP, 2009 WL 2151361 at *7 (C.D. Cal. July 14, 2009). The Ninth Circuit has held that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks and the demands of Level Three Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2007).

In *Zavalin*, the ALJ determined that plaintiff Igor Zavalin, who had a modified high school diploma because he required special accommodations to complete his coursework, could perform simple or repetitive tasks. *Id.* at 843. The ALJ also determined that Zavalin could work as a cashier or surveillance system monitor. *Id.* Both occupations require Level Three Reasoning. *Id.* at 844. The District Court affirmed the ALJ's decision, and Zavalin appealed to the Ninth Circuit. *Id.*

5

On appeal, the Ninth Circuit held that limitation to simple, repetitive tasks aligns with Level Two Reasoning, which allows for fewer variables than Level Three Reasoning. *Id.* at 847. The Ninth Circuit also rejected the Commissioner's present argument that only a claimant's education level determines his/her DOT Reasoning Level, noting that the DOT Reasoning Level definitions include informal-education consideration. (JPS 9-10); *Zavalin*, 778 F.3d at 844. Thus, the Ninth Circuit found that Level Three Reasoning's requirements exceed the reasoning ability of a claimant who is limited to simple or repetitive tasks. *Zavalin*, 778 F.3d at 844. As a result, it remanded *Zavalin* and ordered the ALJ to reconcile the conflict between the simple, repetitive task limitation and Reasoning Level Three. *Id.* at 848.

Here, as in *Zavalin*, the ALJ failed to recognize and reconcile the conflict between Plaintiff's limitation to simple or repetitive tasks and Level Three Reasoning. The Commissioner argues that the record both supports the ALJ's reliance on the VE's testimony and negates the ALJ's obligation to reconcile apparent conflict. (JPS 7-8.) This argument overlooks Ninth Circuit case law that unequivocally establishes a conflict between limitation to simple or repetitive tasks and Level Three Reasoning. *See Zavalin*, 778 F.3d at 847. The Commissioner also argues that Level Two Reasoning is almost identical to Level Three Reasoning. (AR 7-8.) Again, this is an incorrect statement of Ninth Circuit law as it applies to this case. *Zavalin*, 778 F.3d at 847.

The Commissioner tries to distinguish this case from *Zavalin*, arguing that unlike in *Zavalin*, Plaintiff has no signs of mental illness or cognitive defects, was never enrolled in special education classes, and that his Global Assessment of Function scores indicate he can perform Level Three Reasoning jobs despite his limitation to simple and repetitive tasks. (JPS 7-9.) This Court cannot affirm the ALJ's decision based on a *post hoc* rationalization of the ALJ's reasoning. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009)

(holding that courts can only affirm an ALJ's decision based on the ALJ's own reasoning). On remand, the ALJ must determine whether reconciliation is possible by asking a VE to explain the inconsistency and considering the evidence.[2] *Massachi*, 486 F.3d at 1152-53.

Finally, the Commissioner claims that "even if there appears to be an apparent conflict between the DOT's reasoning level language, [sic] and the VE testimony, any deviation was harmless" because "the record contains persuasive evidence to support any deviation." (JPS 11.) This Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter*, 806 F.3d at 492 (internal citations omitted). Here, the ALJ's failure to reconcile the conflict between Plaintiff's limitation to simple or repetitive tasks and Reasoning Level Three's requirements contravenes Ninth Circuit law, and the contravention is not harmless because it is material to the ALJ's non-disability determination.

Whether work for Plaintiff exists remains unclear because the conflict between his limitation to simple or repetitive work and Reasoning Level Three remains unresolved. Plaintiff's eligibility for Social Security benefits depends entirely on a step five analysis that is free of material legal error, thus the unresolved ambiguity about Plaintiff's ability to work requires remand.

//
//
//

---

[2] The Commissioner also claims that Plaintiff should not be allowed to raise this issue for the first time on appeal. (JPS 10.) Claimants who are represented by counsel "must raise all issues and evidence during their administrative hearings in order to preserve them on appeal," and "failure to comply with this rule" can only be excused "when necessary to avoid a manifest injustice." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). This Court excuses the requirement because the reconciliation between simple, repetitive tasks and Reasoning Level Three is critical to proper disposition of Plaintiff's benefits claim.

### II. The ALJ Failed to Give Clear and Convincing Reasons for Discounting the Treating Physician's Medical Opinions.

**A. Standard for Evaluating Conflicting Medical Opinions**

The ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). When the rejected opinion is that of a treating or examining physician and is not contradicted by another medical opinion, the ALJ must articulate "clear and convincing" reasons supported by substantial evidence in the record for discounting it. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted by another medical opinion, the ALJ must articulate "specific and legitimate" reasons supported by substantial evidence for discounting it. *Garrison*, 759 F.3d at 1012. Thus, an ALJ errs when he discounts a medical opinion, or a portion thereof, "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Additionally, "[w]hen there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence" in a disability benefits case, the ALJ has an independent "duty to fully and fairly develop the record and to ensure that the claimant's interests are considered." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Although the opinion of a reviewing physician who has not examined the claimant does not usually receive great weight, the ALJ must consider the findings and opinions of State agency physicians and psychologists and, "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the

8

weight given to the opinions of a State agency medical or psychological consultant." 20 C.F.R. § 416.927(e)(2)(i)-(ii).

**B.     Mental Analysis**

   **1.     Expert Mental Opinions**

On October 24, 2012, Dr. Ernest A. Bagner III, a board-eligible psychiatrist, examined Plaintiff. (AR 442-45.) Dr. Bagner considered Plaintiff a "fair and reliable historian." (*Id.* 442.) He noted that Plaintiff has a history of mood swings, depression, nervousness, and insomnia. (*Id.*) He noted Plaintiff's active depression and diagnosed Plaintiff with Bipolar Disorder, not otherwise specified. (*Id.* 444.) He also determined that Plaintiff's ability to follow simple oral and written instruction is unlimited, but his ability to follow detailed instructions is mildly limited. (*Id.* 445.) Dr. Bagner determined that Plaintiff's ability to interact appropriately with others is mildly limited, as is his ability to comply with job rules. (*Id.*) He also concluded that Plaintiff's daily activities, ability to respond to changes in a routine work setting, and ability to respond to pressure in a usual work setting are all moderately limited, and that Plaintiff is unable to manage his own finances. (*Id.*)

On December 31, 2012, Dr. R. Singh, a state psychological consultant, issued a report on Plaintiff's mental health. (*Id.* 68.) In Dr. Singh's opinion, Plaintiff's ability to follow simple oral and written instruction is not limited. (*Id.*) Dr. Singh believes that Plaintiff's ability to follow detailed instructions, interact appropriately with others, and comply with job rules is mildly limited. (*Id.*) Dr. Singh also believes that Plaintiff's ability to respond to change in routine work setting, work pressure, and daily activity is moderately limited. (*Id.*) Dr. Singh agrees with Dr. Bagner's Bipolar Disorder, not otherwise specified, diagnosis. (*Id.*) Dr. Singh believes that Plaintiff can perform simple, repetitive tasks. (*Id.*)

Dr. Julian Kivowitz, a board-certified psychiatrist, testified as a medical expert at Plaintiff's December 9, 2013 administrative hearing. (*Id.* 54.) Dr. Kivowitz neither treated nor examined Plaintiff. (*Id.* 57.) Dr. Kivowitz testified that, based on his review of the record, Plaintiff has bipolar disorder and a history of alcohol abuse. (*Id.* 54.) In Dr. Kivowitz's opinion, Plaintiff's daily activity and social function are mildly limited, his concentration, comprehension, persistence, and pace are moderately limited, and he has not experienced any episodes of decompensation. (*Id.*) Dr. Kivowitz testified that Plaintiff can follow simple oral and written instructions but cannot perform detailed tasks. (*Id.* 56.) However, Dr. Kivowitz testified, Plaintiff's inability to perform detailed tasks does not preclude him from working. (*Id.* 57.)

### 2. ALJ's Analysis and Conclusions

The ALJ assigned "significant weight" to Dr. Kivowitz's medical opinion on the basis that it is consistent with the objective medical evidence, and he adopted Dr. Kivowitz's opinion that Plaintiff can perform simple, repetitive tasks as Plaintiff's residual functional capacity. (*Id.* 32-33.) In adopting Dr. Kivowitz's opinion as Plaintiff's residual functional capacity, the ALJ assigned "little weight" to Dr. Bagner's medical opinion. The ALJ assigned little weight to Dr. Bagner's opinion by identifying a conflict between Dr. Bagner's and Dr. Kivowitz's medical opinions and discrediting Plaintiff's subjective complaints. (*Id.* 33.) The ALJ also assigned "significant weight" to Dr. Singh's opinion, noting its similarity to Dr. Kivowitz's opinion and concluding that the record's objective medical record supports Dr. Singh's opinion. (*Id.*)

### 3. Discussion

Plaintiff alleges that ALJ improperly discounted Dr. Bagner's opinion. (JPS 18.) The Court agrees. In order to discount the opinion of Dr. Bagner, an examining physician, the

ALJ must give "clear and convincing" reasons supported by the record. *Lester*, 81 F.3d at 830. The ALJ cannot offer "boilerplate language that fails to offer a substantive base for his conclusion." *Garrison*, 759 F.3d at 1012. Rather, proffered reasons must be "specific and legitimate." *Id.* Here, the ALJ did not offer "clear and convincing" or "specific and legitimate" reasons for discounting Dr. Bagner's October 24, 2012 opinion. (AR 33.)

The ALJ supported discounting Dr. Bagner's opinion because he identified a discrepancy between it and Dr. Kivowitz's medical opinion, which the ALJ considered more consistent with "the record as a whole." (*Id.*) The ALJ also considered Plaintiff's subjective complaints and hearing testimony. (*Id.*) The ALJ's citations to "the record as a whole" and to Plaintiff's subjective complaints, without more, do not meet the specific and legitimate standard because the ALJ failed to identify individual complaints and portions of the record in support of his conclusion. As such, the ALJ's improper consideration of Dr. Bagner's opinion merits reconsideration on remand.

Plaintiff incorrectly claims that the ALJ failed to consider Dr. Singh's opinion. (JPS 20.) The ALJ referred to Dr. Singh as the "State agency psychological consultant who opined the claimant could perform simple repetitive tasks." (AR 33.) The ALJ properly considered Dr. Singh's medical opinion. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant." 20 C.F.R. § 416.927(e)(2)(i)-(ii). The ALJ gives Dr. Singh's opinion "considerable" and "significant" weight, but also identifies and adopts Dr. Kivowitz's opinion, which is narrower and more friendly to Plaintiff than Dr. Singh's, in order to give Plaintiff "the benefit of doubt." (JPS 33.) Thus, the ALJ properly explained the weight that he assigned to Dr. Singh's opinion.

//
//
//

**CONCLUSION**

For the reasons discussed above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATE: July 27, 2016

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE